udicial to the administration of justice (sec. 88, Judiciary Law [Consol. Laws 1909, c. 30]), and the respondent is therefore suspended from practice for one year and until the further order of this court, with leave to apply for reinstatement at the expiration of said period, upon proof that he has actually abstained from practice during that period and has otherwise properly conducted himself. All concur.

(158 App. Div. 453.)

In re KINGS COUNTY TRUST CO.

Appeal of FOWLER et al.

(Supreme Court, Appellate Division, Second Department.  October 3, 1913.)

1. WILLS (§ 634*)—CONSTRUCTION—VESTED OR CONTINGENT BEQUEST.

A will directed the testator's widow, as his executrix, to pay to herself yearly a specified amount for her support and the maintenance and education of their son C., and to divide the excess income, if any, among his children, three of whom were issue of a former marriage, the surviving issue of any deceased child to take his share per stirpes. It further directed that when C. became of age the estate should be divided equally among the wife and the four children, the surviving issue of any deceased child to take his share, that if C. died before attaining his majority the estate should then be divided between the wife, surviving children, and the issue of any deceased child, and that, "believing that equality is justice," if any child should die without issue before the time for division, the share of the child so dying should be divided among the wife and surviving children. The wife died before C. attained his majority. Held, that the share given to the wife was contingent upon her surviving until the time for distribution, as any other construction would give her a vested interest, while that of the children was conditional, which would be inconsistent with the testator's plan of equality.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. WILLS (§ 634*)—CONSTRUCTION—VESTED OR CONTINGENT BEQUEST.

A testator, after postponing the distribution of his estate until the death or majority of a minor child, provided in a codicil that, the sum of $2,500 having been paid to each of two children, in order to carry out the principle of equality stated in the will, a like sum should be paid before division to the wife and each of the other children. Held, that the legacy of $2,500 to the wife was not contingent upon her surviving until the time for distribution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Burr, J., dissenting.

Appeal from Surrogate's Court, Kings County.

Proceedings for the judicial settlement of the account of the Kings County Trust Company, as administrator of Charles S. Fowler, deceased. From the decree (78 Misc. Rep. 245, 139 N. Y. Supp. 454), Richard E. Fowler and others appeal. Modified on reargument.

For order granting reargument, see 157 App. Div. 893, 142 N. Y. Supp. 1126.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

G. H. Brevillier, of New York City, for appellants.

Ernest C. Brower, of Brooklyn, for respondent Kings County Trust Co., as executor, etc.

John T. McGovern, of New York City, for respondent Charles S. Fowler, Jr.

THOMAS, J. [1] The remainder to the widow did not vest at her husband's death. The scheme of the will is this: A gift of the furniture to the wife; power to his executrix, the widow, to sell, and from the net income to pay to herself $1,500 yearly for her support and the maintenance and education of his youngest son, Charles, issue of testator's marriage with her, during his minority, and to divide equally the excess income, if any, among his children, three of whom were issue of a former marriage, the surviving issue of any deceased child to take his share per stirpes; when Charles S. should become of age to divide equally the corpus of the estate among his wife and the four children named, the surviving issue of any deceased child to take his share per stirpes. The widow died before the period of division.

Why should the application of the usual rule be doubted? The testator, aided by legal advice or knowledge, used apt words to give the furniture, the income, and to limit the remainder to those surviving to the time of division. But then the natural question arose in testator's mind: What if Charles did not live to majority? The testator answered by saying that his executrix—that is, his widow—should divide the corpus among his wife and children and the issue of a deceased child. Here he is providing for a single contingency, viz., the death of Charles and the survival of the others, and he follows the exact plan of division first stated. Now he has provided for wife and each child, or the issue of any child deceased. But there is one possible event for which he wished to make provision in express terms, viz., the death of a child without issue before division. As to that he said that the share of the child so dying should be divided among the wife and surviving children. Of course, this presupposes that the wife is then living.

It will be observed that by the literal reading such share goes to survivors, and not to surviving children, and the issue of any who may have died. In other words, upon the contingency of survivorship the children took, although such interpretation is not necessary. But it would not be thought that the wife, dead, would share in the division of a child dead without issue. Therefore the plan for the remainder was equal division at Charles' majority among the wife and four children, with substituted gift to the issue of a deceased child, similar disposition to wife and children surviving at Charles' death before majority, and division among surviving beneficiaries of the share of a child dying with issue. Survivorship is made the test of sharing in the division. The testator put his property in his wife's hands to hold and divide. He thought of her as administering and making the division and living to the time of it and through any vicissitudes that might arise.

It is urged, on the other hand, that at the testator's death his widow took absolutely a one-fifth part of the corpus, and that, whatever the

date of her death after the testator, her title, already vested, awaited the division in which no other member of the family could participate unless he lived to the time; that, after having given her a share in the whole income of the corpus pending division, he selected her as the only one among his beneficiaries who were to share equally, and absolutely vested a share in her. The language of the will in its legal sense and ordinary import excludes such conclusion and it is inconsistent with the testator's own statement:

"Believing that equality is justice, it is my will that my wife shall share equally with my children in the division of my estate whenever the same shall be made."

Therefore she is permitted to share the portion of a child dying without issue. But shall she share it absolutely, and each child conditionally? Shall she share equally in the division, although dead at the time? The issue of a dead child takes, because he stands for his parent. Her only child was given his share if he lived to take it. It was not necessary to give her a vested estate, so that her issue would be provided for. I think it was not at all in the testator's thought, as expressed, to prefer his wife, even though she had died before she could enjoy the remainder.

[2] The second question relates to the gift in the codicil. In my judgment the codicil gave the wife another and quite different absolute legacy of $2,500. A similar sum had been given to William and Richard each, and "now, in order to carry out the principle of equality annunciated in my said will," he desired that a like sum should be paid before division to his wife, Abbie, and Charles, each with certain interest. A testator, who directs that $2,500, with interest, shall be paid before the corpus shall be distributed, means that the legatee shall take it freed of the power to distribute, and as the taker is to be put on an equality with others, who took and kept a like sum, it follows that the gift is not burdened by the contingency of living to the time of the distribution, from which it is in express words excluded.

The decree should be modified in accordance with this opinion, and, as so modified, affirmed, without costs.

JENKS, P. J., and STAPLETON and PUTNAM, JJ., concur. BURR, J., dissents.